IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANDRE LONDON,**

    **Plaintiff,**

    v.                                              CASE NO. 25-3022-JWL

**WYANDOTTE COUNTY**
**SHERIFF'S DEPARTMENT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is detained at the Wyandotte County Detention Center in Kansas City, Kansas ("WCDC"). This matter is before the Court for screening Plaintiff's Complaint under 28 U.S.C. § 1915A.

**I. Nature of the Matter Before the Court**

Plaintiff alleges that on January 11, 2024, as he was being booked into the WCDC, Sergeant Cortez used excessive force on him. Plaintiff states that he was "under the influence of intoxicants" when he was arrested, and "[h]is understanding of the situation, arrest, and booking process was cloudy" as a result. (Doc. 1, at 2.) According to the Complaint, the situation "escalated when [he] made an attempt to flee." *Id*. Both as he was subdued and after he was restrained and on the ground, he was "met with excessive force" causing multiple "traumatic injuries." *Id*. at 1, 2. Plaintiff alleges that Cortez used closed fists and elbows to repeatedly deliver blows to Plaintiff's back, head, and ribs. *Id*. at 3, 5. He states that a number of unknown staff members failed to intervene and even encouraged Cortez's actions. *Id*. He alleges that he required

1

"extensive medical care" after the beating and now suffers from chronic nerve damage, chronic migraine headaches, and mental anguish. *Id*. at 5

Plaintiff claims excessive force under the Fourth Amendment and violation of his rights under the Fourteenth Amendment. Plaintiff names as Defendants the Wyandotte County Sheriff's Department; Sergeant Cortez, Wyandotte County Deputy Sheriff; two different corrections officers named Johnson; and unknown John Doe corrections officers.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

#### A. Improper Defendant

The Wyandotte County Sheriff's Department is not a suable entity under § 1983. *See e.g. Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity."); *see also Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Faulkner v. Correct Care Sols.*, No. 13-3127-SAC, 2013 WL 5499815, at *4 (D. Kan. Oct. 3, 2013) (finding the Johnson County Sheriff's Department is not a suable entity); *Burnett v. McPherson Cty. Sheriff's Dep't*, No. 07-3038-SAC, 2008 WL 161681, at *3 (D. Kan. Jan. 16, 2008) (McPherson County Sheriff's Department is not a person within the meaning of §1983 and is not a suable entity); *Williams v. Clay Cty. Police Dep't*, No. 10-CV-2658-EFM, 2011 WL 2294257, at *3 (D. Kan. June 8, 2011), *aff'd,* 442 F. App'x 396 (10th Cir. 2011) ("It is well established that under Kansas law, police departments lack the capacity to be sued."); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010) (Sedgwick County Sheriff's Department is not a legal entity amendable to suit). Therefore, the Sheriff's Department is subject to dismissal.

#### B. Excessive Force

"Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021)

(citation omitted). The Fourteenth Amendment governs any claim of excessive force brought by a "pretrial detainee"—one who has had a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Est. of Booker v. Gomez*, 745 F.3d 405, 418–19 (10th Cir. 2014) (quoting *Bell v. Wolfish,* 441 U.S. 520, 536 (1979). On the other hand, the Fourth Amendment governs excessive force claims arising from "treatment of [an] arrestee detained *without a warrant*" and "*prior to* any probable cause hearing." *Id.*

Excessive force claims under both the Fourteenth and Fourth Amendments are based on objective reasonableness. The Supreme Court held in *Kingsley v. Hendrickson* that "the appropriate standard for a pretrial detainee's excessive[-]force claim is solely an objective one" and that therefore "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *see also Colbruno v. Kessler*, 928 F.3d 1155, 1163 (10th Cir. 2019) ("[T]here is no subjective element of an excessive-force claim brought by a pretrial detainee."). Therefore, to make out a Fourteenth Amendment violation, Plaintiff must show that the defendants' conduct "was objectively harmful enough to establish a constitutional violation." *Brown*, 974 F.3d at 1183.

"To state an excessive force claim under the Fourth Amendment, plaintiffs must show *both* that a seizure occurred and that the seizure was unreasonable." *Vette*, 989 F.3d at 1169 (quoting *Bond v. City of Tahlequah*, 981 F.3d 808, 815 (10th Cir. 2020)). In assessing reasonableness, a court "looks at the facts and circumstances as they existed at the moment the force was used, while also taking into consideration the events leading up to that moment." *Id.* (quoting *Emmett v. Armstrong*, 973 F.3d 1127, 1135 (10th Cir. 2020)). "The inquiry is an objective one, and one that

considers the totality of the circumstances." *Id*. Reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The Supreme Court in *Graham* listed factors that may be relevant to the reasonableness analysis: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397 (citing *Graham*, 490 U.S. at 396). In evaluating the final factor, a court considers "whether the plaintiff was fleeing or actively resisting at the 'precise moment' the officer employed the challenged use of force." *Vette*, 989 F.3d at 1169. The Tenth Circuit has also held that "initial resistance does not justify the continuation of force once the resistance ceases." *McCoy v. Meyers*, 887 F.3d 1034, 1051 (10th Cir. 2018) (citations omitted).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the WCDC. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the WCDC to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the Wyandotte County Sheriff's Department is **dismissed** from this action.

**IT IS FURTHER ORDERED** that**:**

(1) Officials responsible for the operation of the WCDC are directed to undertake a review of the subject matter of the Complaint:

    a.    To ascertain the facts and circumstances;

    b.    To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c.    To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the Complaint and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be filed with the Court by **March 25, 2025,** and served on Plaintiff. The WCDC officials must seek leave of the Court in order to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(3) Authorization is granted to the officials of the WCDC to interview all witnesses having knowledge of the facts, including Plaintiff.

(4) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Wyandotte County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report

7

ordered herein. Upon the filing of that report, the Sheriff may move for termination from this action as interested party.

Copies of this order shall be transmitted to Plaintiff, to the Wyandotte County Sheriff, and to the District Attorney for the Unified Government of Wyandotte County/Kansas City, Kansas.

**IT IS SO ORDERED**.

**Dated February 25, 2025, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**